UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 11-13-KKC

SCHNEIDER ELECTRIC, INC., et al.                                                                PLAINTIFFS

v.                                  **MEMORANDUM OPINION AND ORDER**

JOHN T. COURTNEY, et al.                                                                        DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the United States of America's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). [DE 22]. Because the Plaintiffs did not file an administrative claim as required by the Federal Tort Claims Act, the Court will GRANT the United States's motion.

**I.  BACKGROUND**

On December 27, 2008, the Plaintiffs were in a multiple automobile accident involving a United States Postal Service ("USPS") motor vehicle. The Plaintiffs did not file an administrative claim with the USPS before naming the United States as a defendant in a civil action filed in Fayette Circuit Court, Fayette County, Kentucky in December, 2010. On January 6, 2011, the United States removed the case to this Court, which dismissed the claims against the United States because the parties agreed that the Plaintiffs failed to exhaust their administrative remedies as required under 28 U.S.C. § 2675(a). [DE 7].

On July 19, 2011, the Plaintiffs filed an Amended Complaint again naming the United

1

States as a defendant. [DE 18]. In the Amended Complaint, the Plaintiffs assert that they have exhausted their administrative remedies as required by the Federal Tort Claims Act ("FTCA") by filling the original complaint in state court and serving the complaint on the United States Attorney. The United States argues that the Plaintiffs have not exhausted their administrative remedies because the filing of a state court complaint and service on the United States Attorney is not an administrative claim. [DE 22-2].

## II. ANALYSIS

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA grants a limited waiver of sovereign immunity and allows tort claims against the United States "to the extent that state-law would impose liability on a private individual in similar circumstances." *Chomic v. United States*, 377 F.3d 607, 609–10 (6th Cir. 2004) (quoting *Young v. United States*, 71 F.3d 1238, 1241 (6th Cir. 1995) (internal quotation marks and citation omitted)).

Under the FTCA, to bring an action against the United States for money damages caused by the negligent act of a Government employee, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing sent by certified or registered mail." 28 U.S.C. § 2675(a). The administrative claim requirement is jurisdictional and may not be waived. *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986). Further, because the FTCA waives sovereign immunity, "[a]ny such waiver must be strictly construed in favor of the United States." *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000).

The Plaintiffs argue that service of their state court complaint on the United States

Attorney amounted to the presentation of an administrative claim to the agency, thus satisfying the jurisdictional requirements for their Second Amended Complaint. However, the FTCA mandates that a claimant "*first* present[] the claim to the appropriate Federal agency" before a civil action is instituted against the United States. 28 U.S.C. § 2675(a) (emphasis added). The statute requires that the administrative claim must come before the civil action is brought against the United States. Here, the Plaintiffs argue that the filing of a lawsuit against the United States is the administrative claim that allows them to file a lawsuit against the United States. The Supreme Court noted that:

> Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims.

*McNeil v. United States*, 508 U.S. 106, 112 (1993) (footnote omitted).

Although the Plaintiffs are correct that service of the state court complaint gave someone in the Government notice of their claim, "it did not give the agency the timely notice of a live controversy that would have allowed the agency to investigate administratively and possibly settle the case before it resurfaced in district court." *Brady*, 211 F.3d at 503.

In addition to being inconsistent with the language and purpose of the FTCA, the Plaintiffs' argument has been squarely rejected by numerous courts. The Fourth Circuit held that "[t]he weight of the case law clearly supports the government's position that the filing of a suit does not provide sufficient notice to the federal agency." *Henderson*, 785 F.2d at 124. The Ninth Circuit held that the "[p]laintiff's first dismissed complaint was not an administrative claim within the meaning of 28 U.S.C. § 2675(a)." *Brady*, 211 F.3d at 503. The Third Circuit ruled that "the document that, in the case at bar, initiated proceedings in the District Court cannot fulfill the

3

requirement of the FTCA that a claimant 'shall have *first* presented' . . . the claim to the agency before filing suit." *Hause v. United States*, 378 F. App'x 158, 159 (3d Cir. 2010) (emphasis in original). Finally, the Sixth Circuit held that "[t]here is no equitable exception to the jurisdictional prerequisites of the [FTCA]." *Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982) (per curiam). Quite simply, because "administrative exhaustion must come 'first,' the initiation of a judicial proceeding cannot simultaneous serve to present an administrative claim as required by the FTCA." *Guzman ex. rel. Guzman v. Adeleye*, No. 09 C 514, 2010 WL 996454 at *3 (N.D. Ill March, 16 2010).

The Plaintiffs cite a number of cases that allow various forms of documentation to qualify as an administrative claim. [DE 23-1 p. 4]. However, these cases have already been distinguished because "[i]n each case, some type of claim was presented by the claimant *to the agency* in a timely fashion." *Henderson*, 785 F.2d at 123 (emphasis in original). Here, the Plaintiffs never filed any claim with the USPS before initiating litigation against the United States. Because Plaintiffs failed to comply with this jurisdictional requirement, the United States's Motion to Dismiss is GRANTED.

### III.    CONCLUSION

Accordingly, it is ORDERED that the United States's Motion to Dismiss [DE 22] is GRANTED. The Plaintiffs' claims against the United States are DISMISSED and the United States is DISMISSED as a Defendant to this action.

Dated this 14th day of December, 2011.



Signed By:
*Karen K. Caldwell* KKC
United States District Judge